## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

CHRISTOPHER LAMAR )
BROWN, SR., )
　 )
    Plaintiff, )
　 )   Civil Action No. CV-09-S-979-M
vs. )
　 )
MICHAEL J. ASTRUE, )
Commissioner, Social Security )
Administration, )
　 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Claimant Christopher Brown commenced this action on May 19, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.  Claimant also filed a motion to remand the case to the Commissioner for consideration of new evidence.[1]  For the reasons stated herein, the court finds that remand is not warranted, and the Commissioner's ruling is due to be affirmed.

## I. REMAND

The Eleventh Circuit has provided a three-prong standard for district courts to

---

[1]Doc. no. 10.

apply when a claimant seeks a remand on the basis of new evidence.  The claimant must demonstrate: (1) the evidence is new and not cumulative; (2) the evidence is material — *i.e.,* relevant and probative, such that a reasonable possibility exists that it would change the administrative results; and (3) good cause exists for the failure to submit the evidence at the administrative hearing.  *See Keeton v. Department of Health and Human Services,* 21 F.3d 1064, 1068 (11th Cir. 1994); *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir. 1988); *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir. 1986).

Claimant requests remand for consideration of the report of a November 9, 2009 psychological evaluation by Dr. David Wilson, a licensed psychologist.  Dr. Wilson stated:

> Chris has what appear to be some rather serious physical problems with his back, arthritis and possibly with fibromyalgia.  These can, or need to be documented by physician [sic].  They might, by themselves, make it very difficult for him to work.  He also is very depressed and this is to such a degree that it would make it difficult for him to work at this time.  He has been on medication, and he has gotten by recently by being given samples.  He is about to run out, and he is not sure what he'll do when he does not have the medication he needs.  This could also cause him problems and decrease his level of functioning.  He is someone who  might benefit from being on an antidepressant, but he is not likely to be able to afford that.  His work history certainly suggests he is someone who would prefer to work if he could.  At this time, the combination of all of these problems make it highly unlikely that he could function on a regular basis in a work environment.[2]

---

[2]Doc. no. 10, Exhibit 1 (Report of Dr. David Wilson), at 4.

The Commissioner does not dispute that Dr. Wilson's report is new and non-cumulative, or that claimant demonstrated good cause for failing to submit the report at the administrative level.[3]   The Commissioner only argues that the report is not material.

As an initial matter, Dr. Wilson's report was submitted more than one year after the ALJ's October 2008 hearing decision, and it only refers to claimant's ability to work *at that point in time.*   The report does not discuss how long claimant had experienced the impairments listed in the report, and it does not comment on claimant's functional abilities at or before the time of the administrative decision. Furthermore, there is no indication in the record that claimant ever alleged disability based upon psychological impairments.   Finally, and most importantly, the court cannot conclude that Dr. Wilson's report would support a finding of disability.

Social Security regulations state that, in considering what weight to give any medical opinion, the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075

---

[3]Doc. no. 13 (defendant's response to motion to remand), at 2.  The court presumes that defendant concedes the "good cause" element because claimant was not represented by an attorney during the administrative proceedings.

(11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). Additionally, the ALJ is not required to accept a conclusory statement from a medical source that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Insofar as Dr. Wilson's report addresses claimant's physical limitations, it is not entitled to much weight. Dr. Wilson is a psychologist, not a medical doctor. Furthermore, Dr. Wilson's assessment appears to be based solely upon claimant's subjective complaints, and there is no other medical evidence in the record to support a disabling mental or psychological impairment. Claimant never complained of depression or any other psychological symptom to any of his treating physicians, and he has never received treatment for any psychological condition. Absent any further support in the medical record, Dr. Wilson's conclusory statement that claimant is "very depressed and this is to such a degree that it would make it difficult for him to work at this time" is insufficient to support a finding of disability. Accordingly, Dr. Wilson's report is not material, in the sense that it is likely to change the administrative result, and claimant's motion for remand is due to be denied.

## II. REVIEW OF THE ALJ'S DECISION

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ's hypothetical question to the vocational expert did not include of claimant's impairments, that the ALJ did not provide sufficient reasons for finding claimant to be less than fully credible, and that the ALJ improperly drew adverse inferences from claimant's failure to seek medical treatment.

## A.      Consideration of All Impairments and Credibility

Claimant also argues that the ALJ failed to include the effects of his herniated disc and back pain in the hypothetical question to the vocational expert.  Claimant believes he is not capable of any work because of his back pain; and, because the ALJ's hypothetical question proposed an individual capable of performing light work, claimant asserts that the ALJ must not have considered his back problems.  That

argument makes little sense.  Based upon the ALJ's written decision, it is clear that he *did* consider claimant's back impairments.  In fact, the ALJ disagreed with the state-agency physician's assessment that claimant could perform work at the medium level of exertion because "claimant does have a disc problem which could possibility [sic] be aggravated by lifting weights within the range found by the state agency."[4]

Despite considering all of claimant's subjective impairments, including back pain, the ALJ did not find claimant's subjective complaints of back pain and resulting limitation to be fully credible.  To demonstrate that pain or another subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  Furthermore, the ALJ is allowed to evaluate a claimant's credibility *after* determining that the claimant has a medical condition or conditions that reasonably

---

[4]Tr. at 13.

could be expected to give rise to the level of pain alleged by the claimant.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

Here, the ALJ concluded that claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible.[5]   Contrary to claimant's assertion, the ALJ adequately articulated the basis for his credibility finding.  The ALJ stated that the level of limitation alleged by claimant was not supported by the medical evidence of record.  Specifically, the ALJ noted that there was no evidence of significant neurological impairment, that claimant had received mostly conservative treatment, and that claimant had shown some improvement over the years.  Those observations are supported by the record.  Furthermore, the ALJ's findings are consistent with the opinion of Dr. Ismail, the consultative examiner, who found that claimant was capable of standing for a total of two hours, walking for a total of two hours, and

---

[5]Tr. at 13 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.").

sitting for a total of four hours in an eight-hour workday.  Dr. Ismail also found that claimant was capable of constantly lifting and carrying ten pounds, frequently lifting and carrying fifteen pounds, and occasionally lifting and carrying twenty pounds. According to Dr. Ismail, claimant could only occasionally balance, stoop, kneel, crouch, crawl and handle, but he could frequently push and pull with both arms and legs, finger, feel, talk, hear, reach overhead, be exposed to environmental irritants, work in heights or in proximity to moving mechanical parts, and drive automotive equipment.  These assessments do not support a finding of disabling physical impairments.

## B.    Inability to Afford Treatment

Claimant last argues that the ALJ improperly drew a negative inference from his failure to seek consistent medical treatment, because that failure was a result of his inability to afford treatment.  It is true that "poverty excuses [a claimant's] noncompliance" with medical treatment.  *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988).  Thus, "while a remediable or controllable medical condition is generally not disabling, when a 'claimant cannot afford the prescribed treatment *and can find no way to obtain it*, the condition that is disabling in fact continues to be disabling in law.'" *Id.* (quoting *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986)) (emphasis supplied).  Here, there is no evidence regarding whether claimant

attempted to obtain care despite his lack of medical insurance and inability to afford treatment.  Claimant correctly points out that the ALJ failed to develop the record with regard to that issue.  Even so, the ALJ's failure in that regard was likely due to the fact that the lack of treatment did not factor significantly into the ALJ's decision making process.  The ALJ made passing reference to the gaps in claimant's treatment history, but his decision was based primarily on other factors.  Therefore, any error on the ALJ's part was not material.  The medical evidence that was available, especially Dr. Ismail's report, supports the ALJ's finding of no disability, even without consideration of the gaps in treatment.

### III. CONCLUSION AND ORDERS

Consistent with the foregoing, claimant's motion for remand is DENIED. Further, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 27th day of May, 2010.

_____
United States District Judge